UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE STEVENSON,

        Plaintiff,

Case No. 1:07-CV-213

Hon. Gordon J. Quist

vs.

MDOC, *et al.*,

        Defendants.

_____/

**ORDER**

This matter is now before the court on plaintiff's motions for default judgment against defendants Corrections Medical Services, Dr. Royster, Ashley and Burdette (docket no. 29) and for default judgment against defendant Overture (docket no. 42). Plaintiff's motions are without merit.

As an initial matter, the clerk's office has not entered a default in this matter pursuant to Fed. R. Civ. P. 55(a). Entry of a default under Rule 55(a) is a prerequisite to entry of a default judgment under Rule 55(b). *Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).

Furthermore, the Prison Litigation Reform Act of 1995 grants defendants in a prisoner civil rights suit the option to waive their right to reply to the prisoner's complaint:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the

merits.

42 U.S.C. § 1997e(g).

Section 1997e(g) bars plaintiff from obtaining an entry of default or a default judgment against any of the defendants, because defendants have no obligation to reply to the complaint until ordered by the court. *See, e.g., Banks v. Percher*, No. 4:04-cv-764, 2006 WL 1878330 at *2  (M.D. Pa. July 6, 2006) ("even if we were to have jurisdiction over defendant Fretz . . . we could not enter a default judgment in favor of plaintiff because 42 U.S.C. § 1997e(g)(1) requires a reply be filed in prison condition suits in order for relief to be granted"); *Griffin v. Foti*, No. Civ. A 03-1274,  2003 WL 22836493 at *1 (E.D. La. Nov. 24, 2003) ("the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to a plaintiff until the defendant has filed a reply. 42 U.S.C. § 1997e(g)(1)").

Accordingly, plaintiff's motions for default judgment (docket nos. 29 and 42) are **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 23, 2007              /s/ Hugh W. Brenneman, Jr.
                                                  Hugh W. Brenneman, Jr.
                                                  United States Magistrate Judge