UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE STEVENSON,

    Plaintiff,

Case No. 1:07-CV-213

v.

Hon. Robert J. Jonker

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 101) filed on January 31, 2007. Defendants filed their Objections to the Report and Recommendation (docket ## 103, 107) on February 5, 2008, and February 11, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify

> the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections. Defendants object to the Report and Recommendation's conclusions regarding the exhaustion of Plaintiff's grievance. Specifically, Defendants argue that Plaintiff's grievance was not properly exhausted because it did not name individual Defendants, was not timely filed, and did not provide sufficient notice to Defendants of the claim alleged in Plaintiff's complaint. These objections are without merit.

*Jones v. Bock*, 127 S. Ct. 910 (2007), held that to properly exhaust claims against a defendant a plaintiff need not necessarily name that defendant in a grievance unless the applicable prison grievance procedures require it. *Jones*, 127 S. Ct. at 922–23 ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement . . . . The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements and not the PLRA, that define the boundaries of proper exhaustion."). MICH. DEP'T OF CORR., POLICY DIRECTIVE NO. 03.03.130 ¶ T (Dec. 19, 2003), which was the applicable directive in force at the time Plaintiff filed his grievances, requires a grievance to include the names of all those involved

in the issue being grieved. Defendants are correct that Plaintiff failed to specifically name each individual Defendant in his grievance, but they overstate the significance of that failure. Plaintiff did not specifically name every Defendant, but he did generally identify each Defendant and thereby provided sufficient information to properly exhaust his claim against all Defendants.

In this case Plaintiff's grievance was properly exhausted because it effectively named all of the Defendants. Plaintiff's grievance alleged that responsible medical staff avoided surgery when it was required. It further alleged that health care staff and supervisors, Defendant Ashley, Tri-County Orthopedic staff, Defendant Burdett, Defendant Royster, Defendant Schneeberger, and "all those equally involved," were deliberately indifferent to his medical needs by, among other things, refusing to properly treat his broken arm and refusing to provide appropriate pain medication. This would clearly alert officials to a potential problem regarding the appropriateness of the medical care administered to Plaintiff by Defendants. The grievance thus served the "primary purpose of a grievance," which is "to alert prison officials to a problem." *Jones*, 127 S. Ct. at 923 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). The factual account in Plaintiff's grievance is substantially similar to that in his complaint;[1] it gave Defendants sufficient notice to address and resolve the claim that Plaintiff brings against them in his complaint.

---

[1] Though it is by no means identical or of equal detail, it is certainly sufficient to put Defendants on notice of a potential problem regarding their treatment of Plaintiff's broken arm and their administration of pain medication.

In any event, Plaintiff's grievance was properly exhausted because it was considered on its merits. "Prisoners must follow state rules about the time and content of grievances," but when a state resolves a grievance on its merits "the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 359 F.3d 510, 512–13 (7th Cir. 2004); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), *cited with approval in Woodford v. Ngo*, 126 S. Ct. 2378 (2006) ("[I]f a state court accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."). If a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on its merits, then the state will not be heard to complain that the grievance was not properly exhausted. If the state wishes to reject a grievance for failure to properly comply with available administrative procedures then it should do so.[2]

Plaintiff's grievance was not rejected for failure to name individuals or for untimeliness. Instead, it was considered on its merits. Procedural grounds for rejection were not even mentioned. Accordingly, a reasonable juror could find, and would arguably

---

[2] A state is, of course, always free to reject a grievance both for failure to properly comply with available procedures *and* on its merits. As long as the "procedural default" rejection is clear, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust. *See, e.g.*, *Cobb v. Berghuis*, No. 1:06-CV-773, 2007 WL 4557856, at *1 (W.D. Mich. Dec. 21, 2007) ("[T]he Court is satisfied, after its de novo review, that Plaintiff's April 18, 2005, grievance was actually rejected both on its merits and for untimeliness because there is no other way to give meaning to the MDOC's statement in its step III response that '[t]he step I and II responses are upheld.' Accordingly, as explained in the Report and Recommendation, Defendants are entitled to summary judgment with respect to this grievance.").

4

have to find, that Plaintiff properly exhausted his administrative remedies with respect to his claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 31, 2007, is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Defendants' motions for summary judgment (docket ## 86, 87) are DENIED.

2. Plaintiff's claims against Defendants Ashley, Burdette, and Overture are Dismissed without prejudice because of Plaintiff's failure to reasonably serve process on those Defendants.

Dated:   March 4, 2008          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE