UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE STEVENSON,

        Plaintiff,

Case No. 1:07-cv-213

Hon. Robert J. Jonker

v.

MDOC, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Nurse Michael Wilkinson's motion for summary judgment (docket no. 104). Defendant's motion is unopposed.

    **I.**    **Background**

Plaintiff alleges in his verified complaint that he broke his arm on April 15, 2004, while at the Muskegon Correctional Facility. Compl. at ¶¶ 13-16. He was transferred to E.C. Brooks Correctional Facility (LRF) on May 17, 2004. *Id.* at ¶ 16. Plaintiff further alleges as follows:

> The plaintiff made numerous complaints with LRF medical staff, defendants Burdette, Wilkerson [sic], and Royster, and many were left unanswered, and the times medication was provided, limited supply of Motrin, was entirely inadequate to quit the pain. (Attached hereto are copies of requests for pain medication).

Compl. at ¶ 19.

Plaintiff's complaint included four health care requests dated June 15, 2004, July 21, 2004, September 24, 2004 and October 26, 2004. On June 15, 2004, plaintiff complained that "[m]y

arm is in pain and is giving me problems." In a response dated June 17, 2004, health care personnel stated that plaintiff's chart was given to the medical service provider for recommendations from the doctor. On July 21, 2004, plaintiff requested copies of his health records "relating to my broken arm from 4-15-2004 up to the current date" and a refill of Motrin. This request form did not include a response from the health care personnel. On September 24, 2004, plaintiff requested his medical records, reported that he had not received pain medication since August 9, 2004, and said that the break in his arm was not stable. In a response dated September 26, 2004, health care personnel stated:

> Ordering Ibuprofen from pharmacy. You were advised to kite for refills as needed. No [kites] have been documented as being received from you. Watch call out to evaluate cast.

Finally, on October 26, 2004, plaintiff stated that he was "in need of Motrin." In a response dated October 30th, health care personnel stated that they were "requesting refill from pharmacy."

Plaintiff alleges that defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment and seeks $500,000.00 in compensatory and punitive damages.

## II.  Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws

2

of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Nurse Wilkinson has filed a motion for summary judgment. A grant of summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, -- U.S. --, 127 S. Ct. 1774, 1776 (2007).

### III.   Eighth Amendment claim

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97

(l976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Hudson*, 503 U.S. at 8-9. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In his affidavit, defendant Wilkinson states that at all times relevant to this complaint, he was employed by the Michigan Department of Corrections (MDOC) at LRF in the capacity of Registered Nurse. Wilkinson Aff. at ¶ 2, attached to defendant's brief. Nurse Wilkinson states in the affidavit that "I am not aware of any complaint made by plaintiff that went unanswered or any complaint by the plaintiff regarding the alleged inadequacy of the pain medication prescribed for and dispensed to him." *Id.* at ¶ 4. He further states that "[t]he prescriptions the plaintiff received were the prescriptions that were ordered for him." *Id.* at ¶ 5. Plaintiff has not filed a response to the motion as required by W.D. Mich. LCivR 7.2(c). Plaintiff has failed to establish that Nurse Wilkinson acted with deliberate indifference to his serious medical needs. Nurse Wilkinson's affidavit establishes that plaintiff was provided with the prescribed pain medication and denies that any of plaintiff's complaints went "unanswered." Even if the court considers the facts as set forth in plaintiff's verified complaint as an "affidavit" for purposes of responding to a motion for summary judgment, *see Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993), neither the vague allegations set forth in the complaint nor any of the attachments rebut Nurse Wilkinson's affidavit. On the contrary, the health care requests indicate that plaintiff requested and received refills of his prescribed medication, and that he did not complain about the prescribed medication as inadequate to control his pain.

### IV.     Recommendation

Accordingly, I respectfully recommend that Nurse Wilkinson's motion for summary judgment (docket no. 104) be **GRANTED** and that he be dismissed from this action.


Dated:  August 8, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).