UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE STEVENSON,

       Plaintiff,                                            Case No. 1:07-CV-213

v.                                                           Hon. Robert J. Jonker

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

**<u>ORDER</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 118) filed on August 8, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket # 119) on August 21, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  Plaintiff's only objection to the Report and Recommendation is that he has presented sufficient evidence to rebut Defendant Wilkinson's affidavit and establish that Defendant Wilkinson's conduct toward Plaintiff constituted deliberate indifference, cruel and unusual punishment in violation of the Eighth Amendment.

Cruel and unusual punishment is just that—it is punishment that would offend prevailing standards of decency such that it is properly characterized as both cruel and unusual.  Mere negligence is not cruel and unusual punishment.

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To establish deliberate indifference that constitutes cruel and unusual punishment proscribed by the Eighth Amendment, a plaintiff must prove that (1) the defendant perceived facts from which the defendant could infer that plaintiff was at a substantial risk if plaintiff did not receive medical care; (2) the defendant did in fact draw that inference; and (3) the defendant then disregarded the risk to plaintiff.  *Comstock v. McCrary*, 273 F.3d 693, 702–06 (6th Cir. 2001).

There is at most evidence of negligence in this case.  There is some evidence that Plaintiff had a severe medical need and that he did not immediately receive all of the treatment and

medication he requested, but there is no evidence that Defendant Wilkinson ever actually drew the inference that there was an excessive risk to Plaintiff's health, and there is no evidence that Wilkinson acted to deny Plaintiff treatment in spite of that knowledge.  There is simply no evidence that Defendant Wilkinson ever acted with deliberate indifference to Plaintiff's serious medical needs.  In fact, the evidence that Plaintiff himself points to in his response to the Report and Recommendation indicates that Defendant Wilkinson *did* respond to Plaintiff's complaint.  That he may have done so improperly does not establish a deliberate indifference claim.  Plaintiff's arguments that the way Wilkinson responded was inappropriate and that the care Wilkinson provided was inadequate are misplaced.  Those are arguments suited to negligence, at most; they are insufficient to get him past summary judgment on his deliberate indifference claim.  On this record it cannot be said that Defendant Wilkinson's actions were "repugnant to the conscience of mankind."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 8, 2008, is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Wilkinson's motion for summary judgment (docket # 104) is **GRANTED** and Defendant Wilkinson is **DISMISSED** from this action.


Dated:    August 27, 2008            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE